EMMA BAUMANN, PLAINTIFF IN ERROR, v. HAMBURG-AMERICAN PACKET COMPANY, DEFENDANT IN ERROR.

Argued November 20, 1901—Decided March 3, 1902.

1. A nonsuit should not be granted nor a verdict ordered for defendant if the evidence is conflicting and leaves the mind in a state of some doubt. The credibility of witnesses is a question for the jury.

2. But where there is a conceded or manifest fact, which shows that the evidence on one side cannot be true, the court may take the case from the jury.

On error to the Supreme Court.

For the plaintiff in error, *Charles J. Roe.*

For the defendant in error, *John Griffin* and *Julius J. Frank.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This action was brought to recover damages for personal injury sustained by the plaintiff while a passenger on board the defendant's steamer "Augusta Victoria."

The injury was caused by the plaintiff being thrown down a stairway, which the plaintiff alleged was in an unsafe and insecure condition.

The plaintiff, on the trial below, testified that she started to go upstairs and the lights went out; that the stairs shook considerably, and when she got up about eight steps the ship gave a jerk and she fell; that she had hold of one of the handrails, and the stairs shook, and the handrail was loose, and that she had complained before the accident to the steward and to the purser of the vessel of the condition of the stairs.

Antonia Barts, a witness for the plaintiff, testified that she was in the habit of traveling these stairs, and that they were very steep, and in bad condition, and shook back and forth in going up and down, and that the balusters would swing back and forth.

Von Biberstein, a witness for the plaintiff, testified that he was a fellow-passenger with plaintiff; that the stairs were very steep and the balusters were shaky; that he looked at them after the accident, and could move them back and forth one to two inches from side to side.

Valesca Cuno, another witness for plaintiff, testified that she went to the stairs immediately after the accident, and

that the rivets were loose, and that the stairs would shake, going back and forth.

This was the case presented by the plaintiff to establish negligence on the part of the defendant company.

The defendant produced the captain of the ship, the chief engineer, the fourth officer, three stewards, the doctor and a ship mechanic, who testified that the stairway was securely built, and, if their testimony is accepted as true, the stairway could not have swayed back and forth.

At the close of the defendant's testimony the court, at the request of the defendant, directed a verdict for the defendant.

Exception was taken by the plaintiff to this ruling of the trial court, and error is assigned thereon.

The duty of the court is to settle the law of the case; the province of the jury is to settle disputed facts.

In *Central Railroad Co.* v. *Moore,* 4 *Zab.* 824, 830, this court formulated the true rule as follows: "But if the facts be controverted, or not manifest, it is the duty of the judge to submit these to the jury, under proper instructions, thus leaving to that branch of the court the exercise of its peculiar functions, and affording to the parties the right of trial by jury, which the constitution has declared shall remain inviolate."

In *New Jersey Express Co.* v. *Nichols,* 3 *Vroom* 166, the Supreme Court adhered to the rule that where the evidence is doubtful and the inferences to be drawn from the facts uncertain, it is the province of the jury to decide.

In *New Jersey Railroad Co.* v. *West,* 4 *Vroom* 430, this court reaffirmed the rule laid down in *Central Railroad Co.* v. *Moore, supra.*

Again this court, in *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey,* 9 *Vroom* 525, declared: "If the evidence is open to fair debate and leaves the mind in a state of some doubt on this subject, the case should not be withdrawn from the jury."

The court further said that there were "no conceded or undisputed facts that showed the plaintiff's testimony could not be true, and therefore the nonsuit was properly denied."

In my judgment this case recognizes the true distinction, and will serve as a correct guide in determining whether a nonsuit should be granted or a verdict directed.

As an illustration: If it is conceded or manifest that, when standing in a safe place near a railroad track, there is nothing to prevent seeing an approaching locomotive for a long distance, the evidence of a plaintiff, with unimpaired eyesight, that, under such circumstances, on a clear day, he looked toward the locomotive and could not see it, would be rejected as incredible under the conceded facts.

Even the testimony of two or more witnesses to the like effect would be disregarded, and the court would say that they could not have looked without seeing the danger, and a nonsuit would be properly ordered.

But if the alleged negligence was in providing an unsafe stairway, and five witnesses should testify that, at the time of the accident, it was securely fastened, and one witness should testify that he had examined it and found it loose and shaky, a question of credibility would be presented. The five witnesses might be mistaken as to the time when their inspection was made, or they might be under improper influences. Witnesses are not counted; credibility is not necessarily on the side of numbers. Under such circumstances the province of the jury intervenes to settle the question of credibility. If the evidence of the one witness is accepted, negligence may properly be found by the jury.

In the later case of *Crue* v. *Caldwell,* 23 *Vroom* 215 (in this court), the late Chancellor delivered the opinion, to which there was no dissent, in which the rule is stated in this way: "If the evidence be such that the court would set aside any number of verdicts rendered against it, the jury may be controlled."

In applying that rule to the case in hand he said the evidence was conflicting, and the judgment below was reversed because a verdict for the plaintiff had been directed by the trial judge.

In the still later case, in this court, *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Vroom* 342, the

declaration is: "A trial court cannot direct a verdict when any facts the parties have been permitted to introduce in evidence, material to the verdict, in favor of one party or the other, are in dispute."

The evidence in the case *sub judice,* hereinbefore set forth, was contradictory in respect to the facts upon which the question of negligence of the defendant hinged. There was no conceded or manifest fact which rendered the testimony of the plaintiff incredible. If the evidence of plaintiff's witnesses was credited by the jury, a verdict for the plaintiff would have been justified.

To deprive a plaintiff, under such circumstances, of the right to go to a jury, is a denial of the right of trial by jury, guaranteed by the fundamental law.

The direction of a verdict for defendant was error in law, and the judgment should therefore be reversed.

The defendant's counsel, at the close of the testimony, asked the trial court to dismiss the case, because both parties were residents of Hamburg, Germany, and now asks this court to decide that his motion should have been granted. The trial judge did not pass upon that question, but directed a verdict for defendant. There is no doubt that the court had jurisdiction of the case; the only question was whether it would entertain jurisdiction.

The defendant pleaded the general issue and went to trial, and should not be permitted to raise that question in this court. It was addressed to the discretion of the trial court, and, under the circumstances, the motion to dismiss could properly have been refused.

*For affirmance*—GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VROOM.   6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, VREDENBURGH, VOORHEES.   9.