JOHN S. RENNER, PLAINTIFF-RESPONDENT, v. HOWARD MARTIN AND JOHN J. SIMPSON, DEFENDANTS-APPELLANTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellants, *Quirinus A. Ricciardelli* and *Harry Tarlalsky*.

PER CURIAM.

This is an appeal by the defendants from a judgment for $1,588.02 entered against them in the New Jersey Supreme Court pursuant to a jury verdict in the Essex Circuit. The complaint alleged personal and property damage caused by the negligent operation of an automobile driven by Simpson and owned by Martin.

Appellants file ten grounds of appeal only two of which are argued. Points not argued are abandoned. *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497.

The first point presented on appellants' brief is that the trial court erred in not charging the jury upon the alleged contributory negligence of the plaintiff in operating a motorcycle on a public highway without a license. The judge did charge the fundamental law of the case, including, in appropriate language, that bearing upon contributory negligence. He did not charge specifically upon the effect of driving without a license, and was not obliged to do so. There was

no request so to charge and the question, therefore, is not properly before us. *Malinowski* v. *Phillips,* 104 *N. J. L.* 130.

It is said, secondly, that the plaintiff, on the date of the accident, was unlawfully operating a motorcycle on a public highway and was therefore a trespasser. But this presents no judicial action for review. *Ratz* v. *Hillside Bus Owners' Association,* 103 *N. J. L.* 502. The mere statement of a proposition of law or of fact is of no value as a ground of appeal. *Abbe* v. *Erie Railroad Co.,* 97 *Id.* 212. If it be the intention to present for review under this heading the court's refusal to nonsuit upon this stated ground, we call attention to the rule, well established in this state, that where one, as in the act of driving an automobile in violation of the statute without registration or driver's license, is unlawfully traveling on a highway and is injured by another he may recover for his injuries unless his violation of the law contributed to the accident or is the proximate cause; and that the question of the causal connection between the violation of the statute and the accident is usually for the jury. *Muller* v. *West Jersey and Seashore Railroad Co.,* 99 *Id.* 186; *Ross* v. *Pennsylvania Railroad Co.,* 106 *Id.* 536; *Patterson* v. *Surpless,* 107 *Id.* 305; *Kuczko* v. *Prudential Oil Corp.,* 110 *Id.* 111. The mere violation of the statute is not negligence *per se* but is a mere incident of negligence, whether that negligence is original or contributory. *Belperche* v. *Erie Railroad Co.,* 111 *Id.* 81; *Rizzolo* v. *Public Service Co-ordinated Transport,* 111 *Id.* 107. The trial court ruled properly in rejecting defendants' motion for a nonsuit.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ, 13.

*For reversal*—None.