Defendant appeals from judgments entered in favor of plaintiff Mary Gorczynski in the sum of $9,000, and in favor of Henry Gorczynski in the sum of $1,000 and in favor of Dolly Gorczynski in the sum of $56.85, with costs, on verdicts of a jury in the Law Division of the Superior Court.
The only question involved is whether the verdicts were contrary to the weight of the evidence.
Plaintiffs' actions are based upon the allegations that the negligent operation of defendant's motor bus was the proximate *Page 193 
cause of a collision between said bus and an automobile in which they were riding. Defendant denied the charge of negligence in the operation of its bus and asserted that the plaintiff, Dolly Gorczynski, the driver of the automobile in which the other two plaintiffs were riding, was guilty of negligence producing the collision of the two vehicles in question, and that Henry Gorczynski and Mary Gorczynski were both guilty of negligence which contributed to the happening of the accident. Defendant further asserted that the three plaintiffs were engaged in a common enterprise and that the negligence of Dolly Gorczynski was attributive to all plaintiffs.
It appears that plaintiff Dolly Gorczynski was operating her automobile on a learner's permit, and that Henry Gorczynski, her father-in-law, was riding in the front seat as the licensed operator required by law to be with her. The other plaintiff, Mary Gorczynski, was a passenger in the back seat.
Plaintiff's automobile was proceeding south on Broad Street in Woodbury, Gloucester County. Defendant's bus while proceeding in the same direction passed plaintiff's automobile and stopped on the corner of Broad and Chestnut Streets, to discharge a passenger. The three plaintiffs testified that immediately after passing plaintiff's automobile, defendant's bus made a sharp right turn in front of the plaintiff's car without any notice or warning and without slackening any speed. Defendant's bus then stopped suddenly and as a result of this sudden stop plaintiff's car was forced to collide with the left rear of defendant's bus. Plaintiffs also testified that the distance between defendant's bus and plaintiff's car was too slight for plaintiff to stop to avoid the collision, and that she could not make a sudden turn to the left, north-bound lane, because of the presence of a north-bound car therein.
Defendant produced witnesses who testified that the bus had stopped and discharged a passenger before the collision occurred. The length of time it had been stopped, however, varied. Defendant's witnesses also testified as to the location of the bus at the time of the collision. All agreed that the front of the bus was within stepping distance from the curb. but varied as to the distance from the curb of the rear of the *Page 194 
bus. Some said it was about 20 inches, while others said about 4 feet. Plaintiffs testified that the rear of the bus was 4 to 6 feet from the curb.
None of defendant's witnesses observed the collision. They were not aware of the oncoming of plaintiff's car until they heard the bump when it struck the bus.
It is not argued that there was not a question for the jury. The argument is that the testimony in favor of the defendant outweighed that of plaintiffs.
First, it may be pertinent to point out that the mere fact that the plaintiff driver was operating the vehicle with a learner's permit does not establish the fact that the vehicle was being operated in a negligent or improper manner. It is for the triers of fact to determine whether said vehicle was being operated negligently.
Defendant seems to urge that because it had the greater number of witnesses that the weight of the evidence was in its favor. However, the court in Floersch v. Donnell, 82 N.J.L. 357
(Sup. Ct. 1912), said:
"The fact that the witnesses for the defense outnumbered those of the plaintiff does not in itself establish the weight of the evidence. Baumann v. Hamburg-Am. Pack. Co., 67 N.J.L. 250, 51 A. 461; Goldman v. Central R.R. Co. of N.J., 79 N.J.L. 205, 74 A. 261."
The preponderance or weight of the believable testimony is the criterion, not the number of witnesses produced at trial. The weight to be accorded the testimony of witnesses is a matter for the consideration of the jury.
In Floersch v. Donnell, supra, the court said:
"The credibility of a witness and the weight to be given to his testimony involve the consideration of many other matters, such as his personal interest in the subject-matter in controversy, his opportunity of observation or knowledge of the subject about which he is testifying, the influences under which he may be testifying, his demeanor on the witness stand, etc., all of which are circumstances for a jury, who see the witness, to consider in determining what credit and weight should be given to the witness and his testimony."
In Wadell v. Public Service Coordinated Transport,3 N.J. Super. 132 (App. Div. 1949), in which was quoted the *Page 195 
case of Cascone v. Hendrickson, 8 N.J. Misc. 229 (Sup. Ct.
1930), this court stated:
"When the disposition of a case hinges upon the veracity of witnesses, it is obvious that a jury who sees the witnesses and has an opportunity to observe their demeanor on the witness stand is in a more advantageous position to judge as to the credit to be given their testimony than can be gathered from a reading of the testimony in print. * * *
"It seems to be necessary to repeatedly state that the verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion."
A careful consideration of the testimony leads to the conclusion that there was ample competent evidence to support the verdicts of the jury.
The judgment is affirmed, with costs.