71 N.J. Super. 1 (1961)
176 A.2d 270
LEWIS MATTERO, PLAINTIFF-APPELLANT,
v.
DAVID SILVERMAN AND WILLIAM WIMBERLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1961.
Decided December 7, 1961.
*4 Before Judges GOLDMANN, FOLEY and NADELL.
Mrs. Janet W. Freeman argued the cause for appellant (Mr. Fred Freeman, attorney; Mr. Samuel E. Bass, on the brief).
Mr. John F. Ryan argued the cause for respondents (Messrs. Ryan, Saros, Davis & Stone, attorneys; Mr. Bernard L. Davis, on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
In this negligence case plaintiff appeals in forma pauperis from a judgment for defendants, entered in the Law Division on a jury verdict of no cause of action.
On November 29, 1957 at about 2 A.M. plaintiff, unaccompanied, while driving a borrowed panel truck southerly *5 on Route 1, Elizabeth, New Jersey, collided with a tractor-trailer owned by Silverman and operated in his behalf by Wimberly. Route 1 is a six-lane highway in which there is a center divider. It was raining at the time and the roadway was slippery.
While the testimony relating to the particulars of the accident was somewhat in dispute and susceptible of conflicting inferences which required that the issues of negligence, contributory negligence, and causation, be submitted to the jury, an hypothesis of fact may be drawn which does justice to the factual contentions projected by the parties and is sufficient to enable us to decide the points raised on this appeal.
The accident occurred at or near the intersection of Route 1 and Lafayette Street where there is a break in the center divider through which U-turning vehicles are permitted to pass. East Grand Street intersects Route 1 two blocks north of Lafayette Street; traffic at that intersection is controlled by automatic signal lights. Williams Street intersects Route 1 between East Grand and Lafayette Streets. Part way between Lafayette Street and East Grand Street there is a diner on the westerly side of the highway.
Wimberly, whose tractor-trailer had been parked in front of the diner facing south, had driven to the break in the divider at Lafayette Street, intending to make a U-turn to proceed northerly on Route 1. As he drove from the diner he observed that the light at East Grand Street was red for traffic on Route 1. Upon reaching the break he turned left and came to a stop to permit approaching northbound traffic to pass. In this standing position the rear of his vehicle projected into the most easterly of the three southbound lanes of Route 1. By then the traffic light at East Grand Street had changed from red to green. Mattero had been awaiting the turn of the light in the most easterly lane of southbound traffic behind a standing vehicle; another automobile was also standing in the lane to his right.
*6 When the light changed Mattero moved ahead in line, about two car lengths behind the car ahead. He was traveling at a speed of 35 to 40 miles per hour when the vehicle in front of him suddenly veered sharply to its right, evidently in an effort to avoid striking defendant's standing tractor-trailer. He testified that he then saw an unlighted "black object" in front of him which "blocked off" the lane in which he was driving, and he "went for the brake pedal." The collision followed immediately and he had no further recollection of events until he awakened in the Elizabeth General Hospital 18 or more hours later.
The complaint filed in the cause is cast in general allegations of negligence, the absence of "proper lights and signals" only being particularized.
Defendants' answer sets forth a general denial of negligence and affirmatively alleges contributory negligence without specification of detail.
The factual contentions of the parties, as contained in the pretrial order, shed no light whatever on the specific facts or legal theories relied upon in support of the counter-charges of negligence and contributory negligence. At the trial, over plaintiff's repeated objection, it was directly revealed through a pretrial deposition of the plaintiff, and indirectly through the cross-examination of police officers, that plaintiff was not a licensed driver, although a "learner's permit" had been issued to him within 60 days of the accident.
N.J.S.A. 39:3-10 provides that:
"No person shall drive a motor vehicle on a public highway in this State unless licensed to do so * * *."
N.J.S.A. 39:3-13 provides:
"The director may * * * issue to a person over 17 years of age a written permit, * * * allowing such person, for the purpose of fitting himself to become an automobile driver * * * to operate a motor vehicle * * * for a specified period of not more than 60 days, while in the company and under the supervision of a licensed motor vehicle driver. The permit shall be sufficient license *7 for the person to operate an automobile * * * during the period specified, while in the company of and under the control of a licensed motor vehicle driver of this State * * *."
Violations of these provisions carry penal sanctions.
Concededly, plaintiff violated N.J.S.A. 39:3-13, supra, by operating the car on a learner's permit while unaccompanied by a licensed driver, and thereby also became a violator of N.J.S.A. 39:3-10, supra.
In submitting the case to the jury, the trial court charged:
"There are certain relevant and material provisions of our motor vehicle and traffic act which apply and have relevancy in the case. 39:3-13 of our Revised Statutes is entitled `Learner's Permit, Scope and Effect' and I read this because there is testimony in this case that the plaintiff was driving with a learner's permit. [The court then read N.J.S.A. 39:3-13 as above quoted.]

* * * * * * * *
In regard to the evidence of the plaintiff operating under a learner's permit, that does not necessarily mean that the plaintiff was not an experienced driver or of such experience as a person who might be driving for a given period of time. It is a factor for you to take into consideration in determining whether from that fact, together with all of the other circumstances and evidence in the case, the fact that he had a learner's permit and was an inexperienced driver was an act of negligence or negligence on his part contributing to or being the proximate cause of the accident complained of." (Emphasis added)
Plaintiff formally noted his objection to these portions of the charge, citing Ross v. Pennsylvania R.R. Co., 106 N.J.L. 536 (E. & A. 1929).
The central and related questions presented to us are, (1) whether the evidence that plaintiff was an unlicensed driver operating a vehicle with a learner's permit should have been admitted in evidence, and (2) whether the court erred in permitting the jury to consider the conceded violation of N.J.S.A. 39:3-13 as evidence of contributory negligence.
Although there is some variance of judicial viewpoint on the subject, the weight of authority is to the effect that, since the operator's negligence is to be determined *8 by the facts existing at the time of the accident, mere lack of an operator's license is not in itself evidence of negligence in the operation of a motor vehicle, in the absence of some causal connection between the injury and the failure to have the license. See Annotation, 29 A.L.R.2d 963, 970 (1953).
Undergirding this rule is the principle that automobile licensing statutes create only a public duty and do not render an unlicensed driver without recourse against those with whom he collides if he is otherwise exercising proper care. Cf. Burke v. Auto Mart, Inc., 37 N.J. Super. 451, 455 (App. Div. 1955); Prosser on Torts, § 34, p. 155 (2d ed. 1955).
It is clear that this State is in accord with the majority concept that the lack of a license stands as a neutral fact, irrelevant to the issue of a driver's negligence, unless it be shown directly or by reasonable inference that this was a moving and efficient cause of the accident.
In Muller v. West Jersey & Seashore R.R. Co., 99 N.J.L. 186, 188-189 (E. & A. 1923), the court held:
"The rule established in this state is that where one unlawfully traveling on a highway is injured, by the negligence of another, he may recover for his injuries unless his violation of the law contributes to the accident, or is its proximate cause. In the instant case the nonregistry of an auto, and the absence of a driver's license did not contribute to, nor was it the proximate cause of, the accident, as might be the case if the auto was not equipped with brakes, as required, so as to enable the driver to, if he should do so, after due notice of the approaching train, stop his auto before attempting to cross in front of it."
The necessity of proving a causal connection between the violation of the licensing statute and the happening of an accident, as a foundation for admissibility of evidence of such violation, was accented in Ross v. Pennsylvania R.R. Co., supra. There the court said:
"The defendants have also argued the question of the refusal of the trial court to admit in evidence two certificates of the commissioner *9 of motor vehicles of this state, offered for the purpose of showing the date of registration of the automobile, and that no driver's license had been issued to Mr. Ross, and contend that the absence of a driver's license was evidential of the operator's unfitness to drive a car. We think such evidence was irrelevant, and that the rejection was proper. Nonobservance of the statute, by Ross, is not evidence of his inability to drive a car. He may have possessed more skill than many persons who hold a license; and the date of the registration of the car was immaterial, as it is possible that he owned several cars before the one in question. A collateral unlawful act, not contributory to the injury, will not bar recovery, nor will the fact that the operator of an automobile had no license, as required by statute, bar a recovery for an injury where such failure had no causal connection with the injury." 106 N.J.L., at page 540.
Cf. Renner v. Martin, 116 N.J.L. 240 (E. & A. 1935); Gorczynski v. Public Service Interstate, etc., Co., 5 N.J. Super. 191 (App. Div. 1949).
Again, in Pugliese v. McCarthy, 10 N.J. Misc. 601, 160 A. 81 (Sup. Ct. 1932), the court held that the fact that a driver was "without a license to operate an automobile, in the absence of proof that he was incompetent, was without causal relation to the accident and without force in establishing the defendant's liability." (Emphasis added) Compare Woods v. Overlook Hospital Ass'n, 6 N.J. Super. 47, 51 (App. Div. 1949).
It is, of course, the general rule that the violation of a statute, while not negligence per se, is evidence which may be considered by a jury together with all of the evidence in determining issues of negligence or contributory negligence. However, this rule is subsumed by the overriding principle that the statutory violation, to be evidential, must be causally related to the happening of the accident, since a permissible inference of causality is indispensable to its relevancy. Thus, the trial judge, being the exclusive arbiter of the relevancy of evidence, must initially determine in the particular circumstances of the case whether or not a jury could reasonably infer that the lack of a license caused or contributed to the happening of the accident.
*10 On the oral argument of the matter counsel for the defendants frankly stated that the evidence of plaintiff's operating on a learner's permit was not admissible as tending to establish that he was either an inexperienced or incompetent driver. However, it was urged that the evidence was admissible, and that the jury had a right to consider it in determining whether or not the accident would have been avoided if the statutory requirement of the presence of a licensed driver in the vehicle had been met. We cannot agree. On the facts of this case such a conclusion would be entirely conjectural or speculative. Hence, we conclude that the evidence in question was irrelevant to the issue of proximate cause and inadmissible. It follows, of course, that the statute should not have been brought to the jury's attention and that, on the contrary, the determination of the jury should have been limited to an assayal of plaintiff's contributory negligence solely on the basis of the manner in which he operated his vehicle at the time of the accident.
But even if the evidence of the lack of a driver's license, or the failure of compliance with N.J.S.A. 39:3-13 were deemed admissible, a reversal would be required since the court stated as a matter of fact that the plaintiff was "an inexperienced driver," and left it open to the jury to find that such inexperience was the proximate cause of the accident. Quite plainly, this judicial conclusion was drawn solely from the fact that the plaintiff was operating on a learner's permit, since no other evidence of the driver's inexperience was in the case. As already noted in Ross, supra, the court there refused to equate lack of a license to "inexperience" of a driver. We can see no reason why the rule should be otherwise when a similar equation is offered in the case of one holding a learner's permit. Cf. Szwed v. Bruno, 37 Pa. Dist. & Co. R. 496, 56 Montg. Co. L.R. 21 (1939). Moreover, if there had been evidence tending to establish plaintiff's inexperience as a driver, and that was an issue in the case, the ultimate *11 determination of the driver's "inexperience" would have been for the jury  not the court.
Since the case must be remanded for retrial we think that certain of the alleged errors in the conduct of the trial should receive our attention. Plaintiff claims prejudicial error in the reading to the jury of "virtually the entire deposition of the plaintiff." The competency of a deposition when offered by an adverse party for any purpose relevant to a proceeding is provided by R.R. 4:16-4(b). Determination of the relevancy and materiality of the deposition, and all parts thereof, is left to the discretion of the trial judge. We observe no abuse of such discretion in this case.
We also find to be without merit the criticism of the court's charge on the issue of contributory negligence. The court properly defined contributory negligence, pointing out the necessity of causal relationship as a foundation for sustaining this defense, and correctly instructed the jury that such negligence would bar recovery regardless of the degree in which it contributed to the accident.
Likewise, we find no substance in the argument that defendant was permitted to cross-examine plaintiff at undue length concerning his conduct and activities prior to the accident, and his previous employment record. The scope of cross-examination of a party rests in the sound discretion of the trial judge. We find it to have been properly exercised.
Lastly, plaintiff complains that defendant was permitted to call a witness whose name was not supplied in answers to plaintiff's interrogatories. This question becomes academic in view of the result we have reached. Presumably, defendant will now amend the answers to interrogatories, and formally notify plaintiff of the existence of the witness, if such formality is required.
Reversed and remanded for a new trial.