252 N.J. Super. 280 (1991)
599 A.2d 916
JOSEPH MURPHY, MARY ELLEN AGUNZO AND DAVID KOTKES, PLAINTIFFS-RESPONDENTS,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT, AND NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION AND KENNETH D. MERIN, COMMISSIONER OF INSURANCE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1991.
Decided November 27, 1991.
*282 Before Judges GAULKIN, BRODY and MUIR, Jr.
Donald Parisi, Deputy Attorney General, argued the cause for appellant Kenneth D. Merin, Commissioner of Insurance (Robert J. Del Tufo, Attorney General, attorney; Mary C. Jacobson, Deputy Attorney General, of counsel; Donald Parisi, on the brief).
Francis X. Ryan argued the cause for appellant New Jersey Automobile Full Insurance Underwriting Association (Green, Lundgren & Ryan, attorneys; Francis X. Ryan, of counsel and on the brief).
Anthony M. Sellitto, Jr., argued the cause for respondents Joseph Murphy, Mary Ellen Agunzo and David Kotkes.
The opinion of the court was delivered by BRODY, J.A.D.
*283 We now consolidate these separate appeals from a summary judgment entered in plaintiffs' favor. The trial court opinion is reported at 246 N.J. Super. 42, 586 A.2d 860 (Law Div. 1990).
Plaintiffs sustained minor injuries in an automobile accident on March 18, 1989. Because they neither owned an automobile nor lived in the household of an immediate family member who did, they had to meet a statutory verbal threshold of serious injury to be eligible to recover for noneconomic loss. Plaintiffs brought this action for a judgment declaring that the statute unconstitutionally denied them equal protection of the law because, unlike themselves, owners of automobiles could purchase automobile insurance policies which, for an additional premium, would enable them and immediate family members living in their household to sue for noneconomic loss without having to meet a verbal threshold. The trial court agreed with plaintiffs and ruled that the statute was unconstitutional. We disagree and reverse.
N.J.S.A. 39:6A-8, which is the subject of this action, was amended on March 12, 1990, and no longer subjects people such as plaintiffs to the verbal threshold. However, at the time of the accident the statute provided in relevant part:
One of the following two tort options shall be elected, in accordance with [N.J.S.A. 39:6A-8.1], by any named insured required to maintain personal injury protection [PIP] coverage pursuant to [N.J.S.A. 39:6A-4]:
a. Every owner, registrant, operator or occupant of an automobile to which [PIP] coverage ... applies .. . is hereby exempted from tort liability for noneconomic loss to a person who ... has a right to receive [PIP] benefits ... unless that person has sustained a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment; or
b. As an alternative to the basic tort option specified in subsection a. of this section, every owner, registrant, operator, or occupant of an automobile to *284 which [PIP coverage] ... applies ... shall be liable for noneconomic loss to a person who ... has a right to receive [PIP] benefits....
The tort option provisions of subsection a. of this section shall also apply to the right to recover for noneconomic loss of any person eligible for [PIP] benefits ... but who is not required to maintain personal injury protection coverage and is not an immediate family member, as defined in [N.J.S.A. 39:6A-8.1], under an automobile insurance policy.
* * * * * * * *
N.J.S.A. 39:6A-8.1 provided in relevant part:
a. Election of a tort option pursuant to [N.J.S.A. 39:6A-8] shall be in writing and signed by the named insured on the coverage selection form required by [N.J.S.A. 39:6A-23]. The form shall state the percentage difference in the premium rates of the dollar savings between the two tort options. The tort option elected shall apply to the named insured and any immediate family member residing in the named insured's household. "Immediate family member" means the spouse of the named insured and any child of the named insured or spouse residing in the named insured's household, who is not named insured under another automobile insurance policy.
b. If the named insured fails to elect, in writing, any of the tort options offered pursuant to [N.J.S.A. 39:6A-8] the named insured shall be deemed to elect the tort option of subsection a. of that section 8.
* * * * * * * *
The effect of these provisions is to relieve automobile liability insurers from having to pay noneconomic damages related to minor injuries sustained by those electing or otherwise subject to the verbal threshold of subsection N.J.S.A. 39:6A-8a.[1] In return, insurers are required to provide no-fault PIP benefits for economic loss to all people injured in automobile accidents. Automobile owners may elect the no-threshold option of subsection N.J.S.A. 39:6A-8b for themselves and their immediate families living at home and pay an extra premium for that additional coverage. At the time of this accident, a person who did not have an automobile to insure and was not part of the household of an immediate family member who did was treated as though he were a named insured who had failed *285 to elect either option and was therefore deemed to have elected the verbal threshold option. See N.J.S.A. 39:6A-8.1b.
We agree with the trial court that N.J.S.A. 39:6A-8 did not place plaintiffs in a suspect or semi-suspect class or deprive them directly or indirectly of a fundamental right. Therefore, in considering plaintiffs' equal protection claims we do not subject the statute to strict or intermediate scrutiny. See Barone v. Department of Human Services, 107 N.J. 355, 364-365, 526 A.2d 1055 (1987). The test is whether the statute is "rationally related to the achievement of a legitimate state interest." Ibid.
The trial court identified the state interest as "permitting insured persons the choice of `threshold' or `non-threshold' coverage...." Murphy, supra, 246 N.J. Super. at 54, 586 A.2d 860. It concluded that the statute was not rationally related to that interest because it did not provide a means for people such as plaintiffs to make that choice.[2]
We identify a more comprehensive state interest. In our view the state interest was to make no-fault PIP benefits available to all people injured in automobile accidents without raising the general level of automobile insurance premiums. The Legislature attempted to accomplish this goal by relieving insurers from having to pay noneconomic damages to people not seriously injured. Insureds who elect to recover for minor injuries have to pay an added premium for themselves and household members of their immediate family. PIP beneficiaries such as plaintiffs cannot make such an election because they do not buy automobile insurance and are not part of the household of an immediate family member who does. Although the Legislature probably could devise a means for people in plaintiffs' class to buy no-threshold coverage, as a matter of *286 administrative convenience the Legislature instead deemed them subject to the verbal threshold. See Drew Associates of NJ, LP v. Travisano, 122 N.J. 249, 265, 584 A.2d 807 (1991).
Imperfect classifications that are part of a reasonable legislative scheme do not violate the equal protection clause. Barone, supra, 107 N.J. at 367, 526 A.2d 1055. By enacting the 1990 amendment, the Legislature deemed people in plaintiffs' class to have elected the N.J.S.A. 39:6A-8b no-threshold option. Versions of the statute deeming that class to have elected the threshold option or to have elected the no-threshold option are both reasonable and therefore neither version offends the constitution.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] There is evidence in the record that as of December 31, 1989, 81.09% of insured automobiles operated under the verbal threshold.
[2] Even if affording that choice were the state's interest, the trial court's remedy of deeming plaintiffs to have chosen no-threshold coverage also denies them a choice.