278 N.J. Super. 306 (1995)
650 A.2d 1041
PATRICIA JORDAN, PLAINTIFF-APPELLANT,
v.
RICHARD DENNISON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 15, 1994.
Decided January 3, 1995.
*307 Before Judges MICHELS, STERN and KEEFE.
Edward S. Kahn, attorney for appellant (Jeanette Estremera, on the brief).
Lake and Schwartz, attorneys for respondent (William M. Lake, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
The Legislature amended N.J.S.A. 39:6A-8, effective March 12, 1990, to afford an injured party, who had no automobile to insure, and was not part of the household of an immediate family member who did, the benefit of the no-threshold option of N.J.S.A. 39:6A-8b. The issue presented on appeal is whether the amended statute should be applied retroactively to a cause of action arising, but not adjudicated, before the effective date of the amendment.[1]
*308 The Law Division judge held that the amendment did not apply to plaintiff's action. Plaintiff appeals from that judgment, and we now reverse for the reasons stated herein.
On May 17, 1989, plaintiff was a passenger in an automobile operated by defendant Opara when it collided with a vehicle operated by defendant Dennison and owned by defendant Colonial Cadillac, Inc.. Plaintiff instituted suit against all parties in May 1990, seeking damages for the personal injuries she sustained in the accident. Defendant Colonial Cadillac was dismissed by summary judgment. A jury later determined Dennison to be 100% responsible for the accident.
In the ensuing damage trial, the trial judge refused to apply the 1990 amendment to N.J.S.A. 39:6A-8 to plaintiff's claim, and instructed the jury on the law pertaining to verbal threshold claims. N.J.S.A. 39:6A-8a. The jury returned a verdict of no cause of action. On appeal, plaintiff contends that the trial judge erred when he refused to instruct the jury as if plaintiff had a no-threshold requirement. N.J.S.A. 39:6A-8b.
The verbal threshold and no-threshold options were inserted into N.J.S.A. 39:6A-8 by "amendatory and supplementary" legislation in 1988. L. 1988, c. 119, § 6 eff. Jan. 1, 1989. The verbal threshold option found in the current version of N.J.S.A. 39:6A-8a replaced a provision which had permitted suits for noneconomic loss when the medical treatment for such injuries was at least $200, whereas the no-threshold provisions of the current version of N.J.S.A. 39:6A-8b replaced paragraph b. of the 1983 statute that required a higher medical treatment threshold ($1,500 or more) in order to bring suit for noneconomic loss. L. 1983, c. 362, § 14, eff. Oct. 4, 1983.
*309 Defendant concedes that plaintiff did not own a car and was not a member of a household that did. As such, the fourth paragraph of N.J.S.A. 39:6A-8 applies to plaintiff. The 1983 version of the statute as it pertained to people in plaintiff's class provided:
The tort option provisions of subsection a. of this section shall also apply to the right to recover for noneconomic loss of any person eligible for benefits pursuant to section 4 of P.L. 1972, c. 70 (C. 39:6A-4) but who is not required to maintain personal injury protection coverage and is not an immediate family member, as defined in section 14.1 P.L. 1983, c. 362 (C. 39:6A-1), under an automobile insurance policy.
Thus, under the 1983 version, people in plaintiff's class would have received the benefit of the lower threshold option ($200 of medical treatment) rather than the stricter option requiring $1,500 in medical treatment.
When the Legislature amended the statute in 1988, the stricter threshold requirement (the verbal threshold) replaced the more lenient threshold requirement ($200 or more in medical treatment), while the more liberal option (the no-threshold option) replaced the stricter medical treatment threshold requirement ($1,500 or more in medical treatment). However, the paragraph just quoted from the 1983 statute, pertaining to persons in plaintiff's class remained unchanged. As a result, plaintiff, and the class to which she belonged, was treated less favorably than under the prior law. Murphy, supra, 252 N.J. Super. at 284-85, 599 A.2d 916.
Interestingly, fourteen months later, the Legislature amended the paragraph pertaining to plaintiff and her class, substituting the letter "b" for the letter "a" in the subject paragraph so that it now reads:
The tort option provisions of subsection b. of this section shall also apply to the right to recover for noneconomic loss of any person eligible for benefits pursuant to section 4 of P.L. 1972, c. 70 (C. 39:6A-4) but who is not required to maintain personal injury protection coverage and is not an immediate family member, as defined in section 14.1 of P.L. 1983, c. 362 (C. 39:6A-8.1), under an automobile insurance policy.
[N.J.S.A. 39:6A-8.]
There was no legislative statement accompanying the amendment specifically stating the reason for passing it. The practical *310 result, however, is clear: people in the class to which plaintiff belongs were restored to the favored status they enjoyed under the 1983 legislation.
Although the general rule is that a statute is construed to apply prospectively, that rule is not immutable. It is simply a rule of construction. Gibbons v. Gibbons, 86 N.J. 515, 522, 432 A.2d 80 (1981). In deciding whether a statute should be applied prospectively or retroactively, the court's "quest is to ascertain the intention of the Legislature." See Kruvant v. Mayor & Council of Cedar Grove, 82 N.J. 435, 440, 414 A.2d 9 (1980). All rules of construction are subservient to that goal.
An intent to apply a statute retroactively can be implied in order "to give it the most sensible interpretation." Gibbons, supra, 86 N.J. at 522, 432 A.2d 80. In this case, we can divine no reason why the Legislature would want to treat plaintiff, and others in her class who may have been injured in the fourteen month hiatus between the 1988 revision and the 1990 amendment less favorably than those who received favored treatment under the 1983 legislation, or those whose injuries occurred after March 12, 1990. Moreover, the history of the statute as we have recounted it herein, compels us to the conclusion that the Legislature's failure in 1988 to amend that portion of the statute applicable to plaintiff was an oversight, and that the 1990 amendment was a "curative" measure. Such legislative actions have been accorded retroactive effect. Id. at 523, 432 A.2d 80.
Another justification for retroactively applying a statute is where it "provides a change in the form of remedy or provides a new remedy for an existing wrong." Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372, 381, 102 A.2d 587 (1954) (quoting Shielcrawt v. Moffett, 294 N.Y. 180, 61 N.E.2d 435 (N.Y. 1945)). In this instance, the 1990 amendment simply changed the form of plaintiff's remedy in connection with a cause of action plaintiff already possessed as a result of defendant's wrongdoing. The remedy, specifically identified in the amendment, gave plaintiff, and those in plaintiff's class, "the right to *311 recover for noneconomic loss" without a threshold requirement. N.J.S.A. 39:6A-8.
Having determined that the Legislature intended the statute to be applied retroactively to plaintiff's cause of action, we must now consider whether to do so will result in a manifest injustice. Gibbons, supra, 86 N.J. at 523, 432 A.2d 80. Defendant does not claim that he personally relied on the protection of the prior law, or that an application of the current statute to plaintiff's claim would affect his substantive rights. Clearly, his conduct on the date of the accident was not motivated by any expectations he had concerning the capability of the people injured by his negligence to sue him. Moreover, defendant does not claim that his insurance coverage will be insufficient to meet plaintiff's claim: an unlikely result in view of the jury's finding that plaintiff's injuries were insufficient to meet the verbal threshold requirements.
Defendant's appellate brief attempts to advance an argument on behalf of his insurer to the effect that insurance companies "set their rates based upon the number of expected claims and based upon the law in effect at the time[.]" Assuming for the sake of discussion that defendant can assert an argument on behalf of a non-party, there is simply no proof in the record to support the contention. Specifically, the record contains no certification from defendant's insurer in connection with the proceedings in the trial court that it understood the significance of the Legislature's failure to amend the paragraph in question when the 1988 verbal threshold legislation was passed; made an effort to predict how many potential claimants fell into that class; estimated the diminished impact such claims would have on premiums, and, accordingly, adjusted the premiums downward in 1988 or upward in 1990.
Thus, we conclude on this record that it is not unjust or inequitable to apply the statute retroactively to plaintiff's cause of action.
The judgment under review is reversed and the matter is remanded for a new trial on damages.
NOTES
[1] This issue was not presented in Murphy v. Allstate Ins. Co., 252 N.J. Super. 280, 599 A.2d 916 (App.Div. 1991). In that case, plaintiffs assumed the applicability of the 1988 version of the statute to their causes of action and elected to challenge the statute's constitutionality on the ground that it denied them equal protection. The court's determination that the statute was not unconstitutional as applied to plaintiffs in that case does not preclude the issue presented here. See also Weiss v. Thomas, 274 N.J. Super. 37, 643 A.2d 29 (App.Div. 1994) (which relies upon Murphy v. Allstate Inc., supra, where the issue of retroactivity was not argued or decided).