756 A.2d 633

TARIF WHITE, PLAINTIFF, v. MARK SCHLEY AND JOHN DOE OWNER/DRIVER, DEFENDANT.

Superior Court of New Jersey
Law Division Atlantic County

Decided March 17, 2000.

*Jeffrey Sheppard, Mutchko & Sheppard,* for plaintiff Tarif White.

*Raymond V. King, King Kitrick Jackson & Troncone,* for defendants Mark Schley and John Doe.

SELTZER, J.S.C.

Defendant moves for summary judgment dismissing the claim of plaintiff, the permissive operator of a non-owned, uninsured vehicle. The defendant asserts that plaintiff is barred from presenting the claim and that, if not barred, is unable to cross the verbal threshold. Plaintiff denies that any statute prohibits the action or that he is subject to the verbal threshold. For the reasons which follow, the motion is granted.

Because this is a motion for summary judgment, I am required to view the evidence in the light most favorable to the resisting party and to afford to that party the benefit of all inferences which may reasonably be drawn from the evidence thus viewed. Only if no reasonable fact finder could determine the issue in favor of the resisting party may the motion be granted. *Brill v. Guardian Life Ins. Co. of America*, 142 *N.J.* 520, 666 *A.*2d 146 (1995). Thus viewed a reasonable fact finder would conclude that plaintiff was an individual who did not own an automobile, borrowed the vehicle of a friend and was injured while driving that borrowed vehicle without any fault of his own. A fact finder would also conclude that the borrowed vehicle was uninsured and that the plaintiff did not know or have reason to know that it was uninsured.

Defendant first asserts that plaintiff is barred from seeking any recovery at all by virtue of *N.J.S.A.* 39:6A–4.5. That statute prohibits any recovery by a person who was required to, but did not, maintain PIP coverage and is injured while operating an uninsured vehicle. Since plaintiff was not the owner of a vehicle principally garaged in New Jersey, he was not required to maintain PIP coverage. Consequently, *N.J.S.A.* 39:6A–4.5 does not apply to him and cannot serve to bar this action.[1]

I next turn to defendant's claim that plaintiff's injuries are insufficiently serious to cross the verbal threshold. Plaintiff apparently concurs (as I think he must on the presentations) but asserts that he is not subject to the verbal threshold. The dispositive issue, therefore, becomes whether a person who neither owns an automobile nor lives with an immediate family member who does is subject to the verbal or zero threshold. At first glance, it appears that the question was answered by *Murphy v. Allstate Insurance Company*, 252 *N.J.Super.* 280, 599 *A.*2d 916 (App.Div.1991) in favor of the zero threshold. Indeed, *Jordan v.*

---

[1] Although the issue was not raised, I digress to note that Plaintiff's status as an unlicensed driver does not preclude his suit. *Mattero v. Silverman*, 71 *N.J.Super.* 1, 7–9, 176 *A.*2d 270 (App. Div. 1961).

*Dennison*, 278 *N.J.Super.* 306, 310, 650 *A.*2d 1041 (App.Div.) *certif. den.* 140 *N.J.* 278, 658 *A.*2d 301 (1995) applied that rule retroactively. See Craig and Pomeroy, New Jersey Auto Insurance Law (1999), page 217 ("the zero threshold is clearly applicable to all those injured after March 12, 1990 who neither owned cars nor lived with immediate family members who owned them.").

Closer analysis, however, shows that *Murphy* and *Jordan* each involved a plaintiff who was injured while occupying an insured vehicle in contrast to this case, in which the plaintiff was occupying an uninsured vehicle. Both cases relied on the current *N.J.S.A.* 39:6A–8 which applies the zero threshold "to the right to recover for noneconomic loss of any person eligible for benefits pursuant to" *N.J.S.A.* 39:6A–3.1 or *N.J.S.A.* 39:6A–4 (both of which relate to PIP benefits) who does not own a car or live with a family member who does.

The statute clearly applies only to persons eligible under specific statutes for PIP benefits. To be eligible for those benefits under either of those statutes, plaintiff must be a named insured, be using an insured car with the permission of the owner, or be injured while a pedestrian by a named insured. Clearly plaintiff falls into none of those categories and is, therefore, not eligible for PIP under either *N.J.S.A.* 39:6A–4 or *N.J.S.A.* 39:6A–3.1.[2]

Since plaintiff is not eligible for benefits under *N.J.S.A.* 39:6A–4 or *N.J.S.A.* 39:6A–3.1, the provisions of *N.J.S.A.* 39:6A–8 do not apply the zero threshold to his claim. Nor would his entitlement, if any, to PIP payments from the Unsatisfied Claim and Judgment Fund assist him, because *N.J.S.A.* 39:6A–8 specifically references *N.J.S.A.* 39:6A–4 and *N.J.S.A.* 39:6A–3.1 (neither of which involve the UCJF).

---

[2] Craig and Pomeroy make clear that a person who neither owns nor lives with a family member who owns, an automobile but is injured while operating a vehicle which was, unbeknownst to the operator, uninsured is not entitled to PIP benefits. Craig and Pomeroy, New Jersey Auto Insurance Law, *supra*, p. 86.

Apparently plaintiff falls into none of the categories of persons to whom the verbal threshold applies and into none of the categories of persons to whom the zero threshold applies.[3]  It thus appears that I must divine the legislative intent to determine the resolution of a problem which is not directly covered by the Legislature.  *Fiore v. Consolidated Freightways,* 140 *N.J.* 452, 659 *A.*2d 436 (1995).  In doing so I may infer the intent of the Legislature on grounds of reasonableness and policy.  *Harvey v. Board of Chosen Freeholders of Essex County,* 30 *N.J.* 381, 153 *A.*2d 10 (1959).  I begin by noting that to the extent possible I should give meaning to the reference by the Legislature to *N.J.S.A.* 39:6A-4 and *N.J.S.A.* 39:6A-3.1 in defining the class of persons to whom the zero threshold applies.  "A construction that will render any part of a statute inoperative, superfluous or meaningless should be avoided."  *State v. Reynolds,* 124 *N.J.* 559, 564, 592 *A.*2d 194 (1991).  The policy that underlies the inclusion of those statutes, I think, may be found in our strong resolution that every automobile utilized on our roadways should be insured.  *Ross v. Transport of New Jersey,* 114 *N.J.* 132, 135-6, 553 *A.*2d 12 (1989).

The Legislature apparently has determined that a driver, such as plaintiff, who is not himself eligible for PIP benefits under his own policy (in which event he would also be insured against his negligence) or that of a resident family member must confirm that any car used by him is, in fact, insured (because that is the only instance in which the plaintiff would be eligible for PIP benefits under the referenced statutes).  The only purpose I can conceive for the reference to the PIP entitlement is to put an affirmative obligation on the driver of a non owned vehicle to assure that the vehicle is insured before using it on pain of being subject to the verbal threshold.  That reading of the statute would promote the salutary purpose of our statutory scheme requiring all vehicles to

---

[3] Craig and Pomeroy, New Jersey Auto Insurance Law, *supra,* pages 218 through 224, contain a categorization of the classes to which both the verbal and the zero threshold apply.

be insured without unduly burdening an occupant of an uninsured vehicle. The penalty for failing to confirm available insurance is not the loss of the right to sue; it is, instead, the loss of the use of the zero threshold which is afforded only to those who are entitled to PIP benefits from the host vehicle. Since the driver is obligated to confirm insurance at the risk of losing the benefits of the zero threshold, the reasonableness of a belief that the vehicle is insured is immaterial.

Clearly, the legislative intent is to see that the vehicle used is insured (which it must be to afford PIP benefits to the otherwise uninsured user), not to afford a lower threshold to injured parties who reasonably but falsely believe it is insured. As between affording a lower threshold to an injured plaintiff and penalizing a failure to ensure the existence of insurance, the legislature has chosen the latter. Given the opportunity for compensation of serious injuries nevertheless, the choice is hardly unreasonable. Indeed, it is compatible with the legislative decision to apply the verbal threshold to innocent occupiers of uninsured vehicles seeking payment from the UCJF. *N.J.S.A.* 39:6–70; *Jimenez v. Baglieri,* 152 *N.J.* 337, 704 *A.*2d 1285 (1998); *Sumner v. Unsatisfied Claim and Judgment Fund,* 288 *N.J.Super.* 384, 672 *A.*2d 731 (App.Div.1996); *Cureton v. Eley,* 294 *N.J.Super.* 321, 683 *A.*2d 248 (Law Div.1996).

Since only the otherwise uninsured occupant of an *insured* vehicle is afforded the zero threshold, the otherwise uninsured occupant of an *uninsured* vehicle must be relegated to the verbal threshold. Because plaintiff is in that category and is unable to cross the verbal threshold, the motion for summary judgment is appropriately granted.