610 A.2d 875

HARMON COVE II CONDOMINIUM ASSOCIATION, INC., PLAIN-TIFF–RESPONDENT, v. HARTZ MOUNTAIN INDUSTRIES, INC., LEONARD STERN, EUGENE HELLER, HAROLD ROSEN, ARMAND LINDENBAUM AND JOSEPH BARDWILL, INDIVID-UALLY AND TRADING AS HARTZ MOUNTAIN ASSOCIATES; HARTZ MOUNTAIN ASSOCIATES, A PARTNERSHIP; AND MICHAEL R. ZEMSKY, DEFENDANTS–APPELLANTS.

HARTZ MOUNTAIN INDUSTRIES, INC., LEONARD M. STERN, EUGENE HELLER, ARMAND LINDENBAUM, JOSEPH BARD-WILL, INDIVIDUALLY, AND AS PARTNERS OF HARTZ MOUNTAIN ASSOCIATES, A GENERAL PARTNERSHIP, PLAINTIFFS, v. REED ELECTRIC CO., J & J LANDSCAPING, F & G MECHANICAL/F & G PLUMBING, NATIONAL APPLICA-TORS, WILL–RICH, SPRINGSTEAD CONSTRUCTION, HARRY RICH, CAPOBIANCO & ZEMSKY, T.G. MAKMY, TILCON WAR-REN BROS., ASTRO CONCRETE, HACKENSACK STEEL COR-PORATION, ALLSTATE PAVING, JOHN DOES 1–20, DEFEN-DANTS.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1992—Decided July 2, 1992.

Before Judges KING, GRUCCIO and BROCHIN.

*Harriet F. Klein* argued the cause for appellants (*Greenbaum, Rowe, Smith, Ravin & Davis*, attorneys; *Paul A. Rowe*, of counsel; *Harriet F. Klein* and *Bruce D. Greenberg*, on the brief).

*Louis J. Santore* argued the cause for respondent.

The opinion of the court was delivered by

GRUCCIO, J.A.D.

We granted leave to appeal and are asked to determine whether a trial judge may order an attorney, other than counsel who is designated by *R.* 4:25–4, to proceed with the trial of a case.

Paul A. Rowe is the designated counsel for defendants in *Harmon Cove II Condominium Association, Inc., (Harmon Cove) v. Hartz Mountain Industries, Inc., et al. (Hartz Mountain)*, a Hudson County matter which was filed on April 13, 1984. Plaintiffs' present counsel, Louis J. Santore, was substituted as counsel in October 1990. Greenbaum, Rowe, Smith, Ravin & Davis was substituted as counsel for defendants in February 1988. From 1988 through 1991, numerous status and management conferences were held. The trial judge entered an order dated August 9, 1991, which provided, *inter alia:*

7. On October 3, 1991 at 8:45 a.m. a status conference will be held before the Honorable Joseph T. Ryan, Judge of the Superior Court and the parties should be prepared to discuss settlement negotiations at that time;

8. The decision to bifurcate the trial into mini trials will be determined on October 3, 1991;

9. If the court decides in favor of mini trials, the first mini trial ... will take place on December 2, 1991;

10. If the trial is not bifurcated by the court on October 3, 1991 a trial date for the complete matter will be January 2, 1992;

On December 24, 1991, the trial judge in a *sua sponte* statement on the record said:

All right, and then, the only other thing I just wanted to state on the Record, that the designated trial attorney is on trial in a case that may take six months. I don't think he should have gotten himself involved in a case like this. This case was set down a long time ago to be tried at the beginning of January, 1992. I've carried it for two months until March 9, 1992. But, the case—it cannot be settled; I intend to proceed with the trial on March 9th.

If Mr. Rowe, designated trial counsel, is not available, someone else in the firm will have to appear. I don't think that a case of this age should be subject to this kind of delay because of the unavailability of a particular counsel.

He then entered an order which provides:

[T]he Court being informed that the trial counsel for defendants Hartz Mountain Industries, Inc. et al. (hereinafter "Hartz") in this matter designated pursuant to *R*.4:25–4 is presently engaged in another trial which is ongoing in the Superior Court, Chancery Division, Atlantic County, said trial having commenced on November 12, 1991; and it being represented to the Court that said trial engagement will have a duration of approximately six to nine months; and the Court being willing to adjourn the within matter from its previously scheduled date of January 6, 1992 to March 9, 1992, and having expressed its intent to move the matter at that time irrespective of the engagement of said designated trial counsel; and the Court having stated its intentions to all counsel at the conference in Chambers and thereafter having confirmed same on the record of this matter, and having heard the arguments of counsel to the contrary, and good cause having been shown;

IT IS on this 22nd day of Jan., 1992,

ORDERED that the trial date of the within matter be and is hereby adjourned to March 9, 1992, and no further adjournments thereof shall be granted; and it is

FURTHER ORDERED that in the event the designated trial counsel for Hartz, Paul A. Rowe, Esq., continues to be engaged in trial on March 9, 1992, the within matter shall be moved for trial irrespective of such engagement and alternate counsel must be designated to try the case for Hartz;

Rowe is also designated counsel for plaintiffs in a matter entitled *Boardwalk Properties, Inc., et al. v. BPHC Acquisition Inc., et al.,* in the Superior Court Chancery Division, General Equity Part, Atlantic County. That case was scheduled for trial in July 1989, but was interrupted by interlocutory appeal. *Boardwalk Properties, Inc., et al. v. BPHC Acquisition Inc., et al.,* 253 *N.J.Super.* 515, 602 *A.*2d 733 (App.Div.).

The Atlantic County action involves a potential $2 billion damage claim and, like the Hudson County case, includes complicated legal issues. Following the Supreme Court's denial of certification, Judge Gibson ordered that trial commence on November 12, 1991, and it probably will not conclude until September 1992.[1] This appeal results from the Hudson County order and the trial conflict.

We first note that this matter is, for all purposes, moot since the trial date fixed for the *Harmon Cove* matter in Hudson County has long since passed. Moreover, we find no support for the order issued by the trial judge compelling a lawyer other than Rowe to appear. These are complicated cases which cannot be easily tried by other counsel. Indeed, it may be that the litigants specifically chose their lawyer with careful consideration of what they felt was their best interest. While less complicated cases may, under proper protocol, call for the action taken here, we cannot sanction the order entered. We acknowledge the position set forth in Hartz Mountain's brief that our Supreme Court rejected a modification of the designated counsel rule which would limit the protection given by *R.* 4:25-4 in favor of a case-by-case or attorney-by-attorney basis.[2] Proper management procedures require that the Presiding Judges of the Divisions, and ultimately the Assignment Judges, should resolve intervicinage conflicts.

We do not, by our opinion, intend to involve ourselves in the broad problem of inter-vicinage regulation of designated trial counsel. That is within the province of the Assignment Judges as the alter egos of the Chief Justice. Until the Supreme Court indicates to the contrary, we leave these matters in the capable hands of the Assignment Judges.

---

[1] This trial has continued from November 1991 to date. At oral argument, we were advised it would conclude in September 1992.

[2] See *Supreme Court Response to Civil Case Management and Procedures Committee Report*, 116 *N.J.L.J.* 1 (1985).

Accordingly, we remand this matter to the Assignment Judge of Hudson County, and direct him to issue a realistic scheduling order, after consulting with the attorneys and the Assignment Judge of the Atlantic County vicinage.

Reversed and remanded.