**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4586-16T3

ROXANNE E. LLOYD,

    Plaintiff-Appellant,

v.

BRIAN E. LLOYD,

    Defendant-Respondent.

_____

Submitted June 5, 2018 — Decided June 29, 2018

Before Judges Reisner and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FM-06-0012-15.

Law Office of Michael T. Van Der Veen, attorneys for appellant (Joseph P. Capone, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff Roxanne E. Lloyd appeals from a May 15, 2017 final judgment of divorce that was entered after the trial judge denied the request of plaintiff's counsel for an adjournment because he was on trial in another jurisdiction. The trial judge dismissed

plaintiff's complaint and rendered his decision based solely on defendant's counterclaim. Defendant has not filed an opposing brief. We reverse.

This matter arises from a contested divorce action in Cumberland County. Plaintiff filed a complaint of divorce on July 2, 2014, seeking various remedies including no fault divorce, spousal support, counsel fees and equitable distribution. Defendant filed an answer to the complaint as well as a counterclaim seeking similar recovery. Plaintiff was initially represented by David Sufrin, Esq. Plaintiff's current counsel, Joseph F. Capone, Esq., filed a substitution of attorney on or about January 17, 2017.[1]

Trial was scheduled to commence on March 30, 2017. On March 29, 2017, another judge in Philadelphia County ordered Capone to commence a jury trial. Capone informed the Philadelphia judge of his commitment in Cumberland County, but that judge would not delay the Philadelphia jury trial as the matter was several years old. The specifics of the jury trial were sent to the Cumberland County trial judge including the name of the case, the name of the

---

[1] The substitution of attorney was not immediately filed because the check that accompanied the filing bore the wrong year and was returned to Capone, but that error was subsequently corrected. It is clear from the trial transcript that the judge was aware of this clerical error.

A-4586-16T3

judge, the location and phone numbers of the court and staff for verification. Capone advised the trial court that the jury trial would last approximately one week. Capone also informed defendant's counsel of the conflict so he would not be inconvenienced. Despite having been provided with detailed information concerning counsel's whereabouts, the trial judge unilaterally decided to dismiss plaintiff's complaint for divorce including the count for equitable distribution and proceeded to try defendant's counterclaim without plaintiff or her counsel being present. Final judgment was entered on May 15, 2017. This appeal ensued.

On appeal, plaintiff argues that the trial judge abused his discretion in summarily dismissing plaintiff's complaint as her counsel was on trial on another jurisdiction.

The granting or denial of an adjournment is within the trial court's discretion. Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003). An appellate court will reverse for failure to grant an adjournment only if the trial court abused its discretion, causing a party a "manifest wrong or injury." Allegro v. Afton Village Corp., 9 N.J. 156, 161 (1952); State v. Doro, 103 N.J.L. 88, 93 (E. & A. 1926).

In exercising discretion when counsel is not available, the trial court must navigate a course between "the salutary principle

that the sins of the advocate should not be visited on the blameless litigant," and "the court's strong interest that management of litigation, if it is to be effective, must lie ultimately with the trial court and not counsel trying the case." Kosmowski, 175 N.J. at 574 (quoting Aujero v. Cirelli, 110 N.J. 566, 573 (1998)(other citation omitted)). The court must remain mindful of its overriding objective that "[c]ases should be won or lost on their merits and not because litigants have failed to comply with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994); see also Jiminez v. Baglieri, 295 N.J. Super. 162, 165 (App. Div. 1996)(abuse of discretion found where trial court denied a one-day adjournment because of unavailability of expert), rev'd on other grounds, 152 N.J. 337 (1998).

In this case, Capone, as a solo practitioner, was the only attorney available to try the case to completion. There is no evidence that he was not ready to try the case. Designation of trial counsel provides a valid ground for adjournment of a scheduled trial date where the named attorney has a superseding commitment in another court. See Harmon Grove II Condo Ass'n, Inc. v. Hart Mountain Indus., 258 N.J. Super. 519 (App. Div. 1992). Opposing counsel did not object to what appeared likely to be a

one-week adjournment of the trial. There is no brief in opposition filed by defendant on this appeal. Plaintiff was deprived of her ability to appear at trial represented by the attorney of her choosing and was thus potentially deprived of remedies she sought in her divorce complaint.

Under these circumstances, we find the judge mistakenly exercised his discretion in denying a brief adjournment of the trial, dismissing plaintiff's complaint, and deciding the case solely on the basis of the counterclaim. Although we are sympathetic to the trial court's need to expeditiously move cases, we are also concerned about the need to have cases decided on the merits, with the full participation of all parties. That Capone was forced to trial in Philadelphia County was through no fault of the plaintiff. To punish a blameless litigant for a situation that even her counsel had no control over is manifestly unjust. Accordingly, we find the judgment must be vacated and the matter reversed and remanded for trial.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4586-16T3