120 N.J. Super. 394 (1972)
294 A.2d 272
LUISA LOPEZ and GLORIA SANTIAGO, PLAINTIFF,
v.
RENALDO SANTIAGO AND NORMAN SERLIN, DEFENDANT.
Superior Court of New Jersey, Essex County District Court.
Decided July 17, 1972.
*395 Mr. George Duggan, attorney for the plaintiff (Jacobson & Silverman, Esqs.)
Mr. John P. McGee, attorney for the defendant (Gaffey, Webb & McDermott, Esqs.)
HAYES, J.D.C.
The issue to be determined in this case has not been previously considered by a Court of this State.
The facts are not in material dispute. The plaintiff, Gloria Santiago, suffered personal injury in a two car collision on August 12, 1965. At the time of this accident she was a passenger in a motor vehicle owned by Renaldo Santiago. The owner and operator of the other motor vehicle was Norman Serlin. Neither one of these cars was covered by liability insurance. A judgment was entered in favor of Gloria Santiago and against the defendant Norman Serlin in the sum of *396 $550.00 on April 22, 1971. Subsequently, the plaintiff Gloria Santiago moved for an order directing the Treasurer of the State of New Jersey to pay this judgment out of the Unsatisfied Claim and Judgment Fund. This motion was opposed by the Fund based upon N.J.S.A. 39:6-70 (d). Under this section of the statute the applicant must show: "He was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, and was not operating a motor vehicle in violation of an order of suspension or revocation." The plaintiff, Gloria Santiago, says that she was not the legal wife of Renaldo Santiago at the time of the accident and that, therefore, she is not excluded by this section of the statute.
The testimony of Gloria Santiago revealed that she was living with Renaldo Santiago at the time of this accident. She had, in fact, lived with him for about six years and she was publicly known as Mrs. Santiago. During the period of time that she lived with him, she had four children by Renaldo Santiago. All of the every day elements of a husband and wife relationship were present over this period of time, but no marriage license had ever been obtained and no ceremony was ever performed. The plaintiff filed this suit as "Gloria Santiago." Every action taken by her to date has been in the name of Gloria Santiago. It was at the argument of this motion that she appeared and testified that she had never been a party to a marriage ceremony with Renaldo Santiago and that, in fact, her name was Gloria Lopez. She frankly admitted that she had lived with him for 5 to 6 years as his wife and was known as Mrs. Santiago. She said that she held a driver's license and social security card in the name of Gloria Lopez and that the birth certificates of the children bore the name of Lopez. The birth certificates were not produced.
Black's Law Dictionary simply defines the word "spouse" as someone's husband or someone's wife. The position of the plaintiff, Gloria Santiago, is that she was not legally the wife of Renaldo Santiago at the time of the accident and, therefore, *397 he was not her spouse. She admits that his car was uninsured, but says that since he was not her legal spouse, she is not excluded from recovering from the Fund by N.J.S.A. 39:6-70 (d). The position of the Fund is that Gloria Santiago after having actually lived with Renaldo Santiago as his wife, should be estopped from asserting the invalidity of the marriage so as to obtain money from the Fund which she clearly could not have claimed if, in fact, she had entered into the relationship of husband and wife through a valid ceremony.
The case of Dawson v. Hatfield Wire & Cable Co., 59 N.J. 190 (1970), has been cited by the Fund in support of its position. In this case the petitioner claimed dependency benefits under the Workmen's Compensation Act as the result of the death of her husband. The deceased had been married before and there was no evidence that this prior marriage had been legally terminated. However, the petitioner had been ceremonially married to the deceased and had lived with him as his wife in good faith over a number of years. Under the facts of this case, the Court found a de facto relationship of man and wife so as to permit recovery under the Workmen's Compensation Act. Actually, this case is not in point with the issue of the case at bar. However, it does illustrate the Court's consideration of the test of the husband and wife relationship as it related to the intent and purpose of the particular statute involved. This is what the Court did in the Dawson case in furthering the intent and purpose of the Workmen's Compensation Act.
The overall purpose of the Motor Vehicle Responsibility Law (L. 1952, c. 173) and the Unsatisfied Claim and Judgment Fund Law (L. 1952, c. 174), is to induce the owners and operators of motor vehicles to procure liability insurance and, therefore, mitigate the evil sought to be corrected by those laws  the helplessness of persons injured by financially irresponsible motorists in the maintenance and use of their motor vehicles. Proskurnja v. Elder, 73 N.J. Super. 466 (1962). A further purpose is to provide a measure of relief *398 to innocent victims who sustain losses or injury inflicted by financially irresponsible operators of motor vehicles where otherwise they would be without remedy. Feliciano v. Oglesby, 102 N.J. Super. 378 (1968); Corrigan v. Gassert, 27 N.J. 227 (1958); Douglas v. Harris, 35 N.J. 270 (1961).
Exclusions such as provided for in N.J.S.A. 39:6-70 (d) and N.J.S.A. 39:6-70 (b) (the latter section of the statute excludes the spouse, parent or child of the judgment debtor from recovering out of the Fund), were made part of this statute to effectuate its overall purposes. The Fund is not intended to give financial relief to every claimant. The claimant must be one intended to be protected and he must clearly demonstrate that he belongs to a class for whose benefit the Fund was established. Wormack v. Howard, 33 N.J. 139 (1960); Feliciano v. Oglesby, supra. N.J.S.A. 39:6-70 (d) clearly indicates the Legislative intent that persons riding in an uninsured motor vehicle owned by themselves or by one of such close relationship as a husband or wife, parent or child, constituted a class which was not to benefit from the Fund because to permit them to so benefit would be a contradiction of the aforestated overall purposes and spirit of the Act. Should this Court be bound by the narrow definition of the word "spouse" so as to permit the plaintiff Gloria Santiago to recover from the Fund even though if she had been married in a valid ceremony she obviously could not so recover? If the motor vehicle had been owned by her stepfather, would the plaintiff be allowed to recover from the Fund on asserting that he was not her parent, but denied recovery if he was her natural father? The Court gives a negative answer to both questions. A narrow definition of the word "spouse" cannot be adhered to when to do so would result in an unreasonable construc-
The statute is to to receive a reasonable construction, to serve the apparent legislative purpose. The inquiry in the final analysis is the true intention of the law; and, in the quest for the intention, the letter gives way to the rationale of the expression. The words used may be expanded or limited according to the manifest reason *399 and obvious purpose of the law. The spirit of the legislative direction prevails over the literal sense of the terms. The particular words are to be made responsive to the essential principle of the law.... The indubitable reason of the legislative terms in the aggregate is not to be sacrificed to scholastic strictness of definition or concept. Wright v. Vogt, 7 N.J. 1 (1951). * * * The intention emerges from the principle and policy of the act rather than the literal sense of particular terms, standing alone. Caputo v. Best Foods, Inc., 17 N.J. 259 (1955).
tion of the statute. The New Jersey Supreme Court in the case of Alexander v. New Jersey Power and Light Co., 21 N.J. 373 (1956), said at p. 378
It has been similarly held in many other cases including Giles v. Gassert, 23 N.J. 22 (1956), Corrigan v. Gassert, 27 N.J. 227 (1958), and Giacobbe v. Gassert, 29 N.J. 421 (1959).
It is true that this law must be liberally construed to advance and carry out its beneficial purposes. However, its beneficial purposes do not encompass the claim of the plaintiff occupant of an uninsured motor vehicle in this case. To permit the payment of this claim out of the Fund would be to thwart the very purposes of the Unsatisfied Claim and Judgment Fund Law. This Court finds that under the facts of this case, the plaintiff Gloria Santiago and Renaldo Santiago had established a de facto relationship of man and wife and had been living as such for many years at the time of this accident; that the legislature did not intend that a person living in this relationship and riding in an uninsured motor vehicle owned by the other party to the relationship, as it existed in this case, be entitled to the protection of the Unsatisfied Claim and Judgment Fund Law. Therefore, I conclude that the claim of the plaintiff Gloria Santiago that she be reimbursed out of the Fund, is barred by N.J.S.A. 39:6-70 (d). To find otherwise, would be to defeat the overall purposes of this statute. The motion is, therefore, denied. Please submit an order.