125 N.J. Super. 268 (1973)
310 A.2d 500
LOUISA LOPEZ AND GLORIA SANTIAGO, PLAINTIFFS-APPELLANTS,
v.
RENALDO SANTIAGO AND NORMAN SERLIN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 1, 1973.
Decided October 16, 1973.
*269 Before Judges COLLESTER, LYNCH and MEHLER.
Messrs. Jacobson & Silverman, attorneys for appellants (Mr. George Duggan, of counsel).
Messrs. Webb and McDermott, attorneys for respondents and Unsatisfied Claim and Judgment Fund (Mr. John P. McGee, of counsel and on the brief).
PER CURIAM.
Plaintiff Gloria Santiago (Gloria), whose real name is Gloria Lopez, was injured while a passenger in a vehicle owned by Renaldo Santiago when the car collided with a motor vehicle owned and operated by Norman Serlin. Both cars were uninsured. She recovered a judgment for $550 and thereafter moved to compel payment by the Unsatisfied Claim and Judgment Fund. The Fund opposed the claim, contending that Gloria was the "spouse" of Renaldo Santiago, the uninsured owner of the car, and was therefore barred from recovering from the Fund pursuant to N.J.S.A. 39:6-70.
Gloria was never married to Renaldo although she bore him four children, had lived with him, and used his name. After the accident Renaldo left her. In a reported opinion, 120 N.J. Super. 394 (Cty. D. Ct. 1972), the trial court held that the term "spouse," as contained in N.J.S.A. 39:6-70, was not to be narrowly construed; that Gloria and Renaldo had established a "de facto relationship of man and wife;" *270 that therefore Gloria was Renaldo's "spouse" within the meaning of the cited section, and was therefore barred from recovering against the Fund.
Words in a statute are to be given their ordinary and well-understood meaning in the absence of explicit indication of special meaning. Fahey v. Jersey City, 52 N.J. 103 (1968). Where the language of a statute is plain there is no need for interpretation. 2A Sutherland Statutory Construction (4th ed. 1973), § 46.01.
The meaning of "spouse" is clear: "* * * a man or woman joined in wedlock, a married person: HUSBAND, WIFE." Webster's Third New International Dictionary (1961), at 2208. Gloria and Renaldo were not married. Renaldo was not Gloria's "spouse." Therefore she is not barred by N.J.S.A. 39:6-70(d) from recovering from the Fund.
The case of Dawson v. Hatfield Wire & Cable Co., 59 N.J. 190 (1970), cited by the trial court, is distinguishable. First, there the court was not interpreting the word "spouse." Second, that case involved a dependency claim under the Workmen's Compensation Act. In deciding that petitioner was entitled to the benefits of the act as decedent's "wife" although her marriage to him was invalid, the court applied the established policy of liberal construction of that act as remedial social legislation. The court noted (at 197) that "the relationship of husband and wife should not be quite the same in the context of [such] type of law, designed to supply a social need and to remedy a social evil * * *," as in the area of familial law. The court found that in fact petitioner had become economically dependent upon decedent and therefore had established her right "to be considered a dependent within the sense and meaning of the statute * * *" (at 198). Third, the court considered it "significant" that petitioner and decedent had actually entered upon a ceremonial marriage, and also noted that, even in the workmen's compensation field, if the relationship between the parties was *271 knowingly meretricious recovery would be barred (at 195). None of such considerations appears here. There was no ceremonial marriage here and, so far as appears, the relationship was knowingly meretricious.
The judgment of the Essex County District Court is reversed. Payment of the judgment is to be made by the Fund.