288 N.J. Super. 384 (1996)
672 A.2d 731
SHADAWN SUMMER, PLAINTIFF-APPELLANT,
v.
UNSATISFIED CLAIM AND JUDGMENT FUND AND CLAUDIA S. PENA, DEFENDANTS-RESPONDENTS, AND ANDRE M. SMITH A/K/A JOHN L. WHITAKER AND LUIS F. MEJIA, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 7, 1996.
Decided March 15, 1996.
*385 Before Judges KING, LANDAU and KLEINER.
John R. Gorman argued the cause for appellant (Lutz, Shafranski, Gorman and Mahoney, P.A., attorneys; Mr. Gorman, on the brief).
Eric L. Harrison argued the cause for respondent Unsatisfied Claim and Judgment Fund (Methfessel & Werbel, attorneys; Mr. Harrison, on the brief).
Philip G. Pagano, attorney for Claudia Pena, joins in the brief of appellant.
The opinion of the court was delivered by KLEINER, J.A.D.
Defendant Unsatisfied Claim and Judgment Fund was granted summary judgment on plaintiff Shadawn Sumner's complaint seeking damages for noneconomic loss sustained in an automobile collision on August 16, 1992. On that date, plaintiff was a passenger in an uninsured motor vehicle owned and operated by defendant Andre Smith. Smith's vehicle collided with a vehicle owned *386 by defendant Claudia S. Pena and operated by defendant Luis F. Mejia. On the return day of defendant's motion, the parties stipulated that "if plaintiff's claim for noneconomic damages are subject to the `verbal threshold,' her injuries do not satisfy the `verbal threshold' requirements." Plaintiff contended that she is not subject to the "verbal threshold." The motion judge, relying upon N.J.S.A. 39:6-70(n), disagreed and granted defendant's summary judgment motion. We granted plaintiff's motion for leave to appeal to review that decision. We affirm.
The New Jersey Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-60 to -91 (the Fund Law), was enacted in 1952 "to provide a measure of relief for persons who sustain losses or injury inflicted by financially irresponsible or unidentified owners or operators of motor vehicles, where such persons would otherwise be remediless." Corrigan v. Gassert, 27 N.J. 227, 233, 142 A.2d 209 (1958) (citing Dixon v. Gassert, 26 N.J. 1, 138 A.2d 14 (1958)).
The original legislative intent, despite amendments to the law since 1952, is still viable. In Unsatisfied Claim and Judgment Fund v. N.J. Mfrs. Ins. Co., 138 N.J. 185, 649 A.2d 1243 (1994), the Supreme Court noted:
However, the statute does not reflect a goal of making every claimant completely whole or compensating all victims; rather, it seeks to offer some measure of relief to those who come within the class intended to be protected, to prevent a claimant from being forced to absorb the entire economic loss caused by the accident.
[Id. at 189, 649 A.2d 1243 (citing Esdaile v. Hartsfield, 245 N.J. Super. 591, 595, 586 A.2d 334 (App.Div. 1991).]
Although any person injured by a financially irresponsible or unidentified driver is entitled to file suit to recover damages from a tortfeasor, only those tort claimants who are statutorily qualified under N.J.S.A. 39:6-62 may recover payment from the Unsatisfied Claim and Judgment Fund Board. N.J.S.A. 39:6-70. See Lopez v. Santiago, 120 N.J. Super. 394, 294 A.2d 272 (Dist.Ct.), rev'd on other grounds, 125 N.J. Super. 268, 310 A.2d 500 (App.Div. 1972). "The Fund is not intended to give financial relief to every claimant. The claimant must be one intended to be protected and he *387 must clearly demonstrate that he belongs to a class for whose benefit the Fund was established." Id. at 398, 294 A.2d 272.
One statutory qualification is N.J.S.A. 39:6-70(n), which provides:
In order to recover for noneconomic loss, as defined in section 2 of P.L. 1972, c. 70 (C. 39:6A-2) for accidents to which the benefits of sections 7 and 10 of P.L. 1972 c. 198 (C. 39:6-86.1 and C. 39:6-86.4) apply, the injured person shall have sustained an injury described in subsection a. of section 8 of P.L. 1972, c. 70 (C. 39:6A-8).
Plaintiff argues that N.J.S.A. 39:6-70(n) was effective October 4, 1983 and was legislatively designed to correlate with N.J.S.A. 39:6A-8a, which was enacted at the same time and effective on that same date. As originally enacted, N.J.S.A. 39:6A-8a provided that a party could not recover for soft tissue injury unless treatment was valued at $200 or more, exclusive of hospital expenses, x-rays, and other diagnostic medical expenses. Rivera v. Fortunato, 285 N.J. Super. 168, 178, 666 A.2d 619 (Law Div. 1995). Plaintiff correctly asserts that if she had been injured after October 4, 1983, she would have been subject to the provisions of N.J.S.A. 39:6A-8a and would have been entitled to recover for her noneconomic loss, provided her medical expenses exceeded $200, "exclusive of hospital expenses, x-rays and other diagnostic medical expenses." Id. She would have been entitled to recover payment from the Fund pursuant to N.J.S.A. 39:6-70(n).
Plaintiff acknowledges that in 1988, N.J.S.A. 39:6A-8 was amended effective January 1, 1989. The 1988 amendments to the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35 (No Fault Law) applied the "verbal threshold" to all insureds unless they elected otherwise, thereby foreclosing those insureds from recovery in tort for noneconomic damages except in nine specified categories. N.J.S.A. 39:6A-8a. See N.J. Mfrs., supra, 138 N.J. at 188, 649 A.2d 1243. Plaintiff contends that prior to the 1988 amendments, her status as a person who was not the owner of an automobile and not the spouse or immediate family member of someone who owned an automobile would have permitted her to sue for noneconomic loss without satisfying the verbal threshold.
The 1989 amendment added N.J.S.A. 39:6A-8b, which allows suits for noneconomic loss resulting from injury, but at a higher *388 premium cost. As noted by some commentators, "After January 1, 1989, all insureds were given the verbal threshold unless they affirmatively elected otherwise on the coverage selection form." Cynthia M. Craig & Daniel J. Pomeroy, New Jersey Auto Insurance Law § 15:3-1 (1996) (reviewing the applicability of the threshold).
Craig and Pomeroy also note:
In the event that an insured failed to choose between the two options, he was deemed under N.J.S. 39:6A-8.1 as amended to have elected the verbal threshold, the more restrictive of the two choices in its effect on recovery of noneconomic damages. Under 39:6A-8 and 39:6A-4.5 as amended, both those who were culpably uninsured and those who were uninsured because they were not required to be insured for PIP were subjected to this verbal threshold.

[Ibid. (emphasis supplied).]
This formulation was tested in Murphy v. Allstate Ins. Co., 252 N.J. Super. 280, 599 A.2d 916 (App.Div. 1991), rev'g 246 N.J. Super. 42, 586 A.2d 860 (Law.Div. 1990), and was found to be constitutional.
The Legislature again amended N.J.S.A. 39:6A-8, effective March 12, 1990. By this last amendment, an injured party, such as plaintiff, who has no automobile to insure and is not part of a household of an immediate family member having such an automobile, is afforded the benefit of the no-threshold option of N.J.S.A. 39:6A-8b. We recently declared that the amendment would be applied retroactively to a cause of action arising but not adjudicated, before the effective date of the amendment. Jordan v. Dennison, 278 N.J. Super. 306, 311, 650 A.2d 1041 (App.Div. 1995).
Although the Legislature substantially modified the no-fault laws in 1988, and then again effective March 12, 1990, the provisions of the Fund Law, including N.J.S.A. 39:6-70(n), were not changed. The Fund Law has remained constant since enactment and still requires that the threshold of N.J.S.A. 39:6A-8a be met if the injured party seeks recovery from the fund. Thus, after January 1, 1989, a person would not be entitled to recover noneconomic damages resulting from injury caused by an identified uninsured motorist from the Fund unless her injuries met the "verbal threshold" delineated in one of nine categories of N.J.S.A. *389 39:6A-8a. Cf. Rivera, supra, 285 N.J. Super. at 180, 666 A.2d 619 (holding that the tort threshold requirement N.J.S.A. 39:6-70(n) is not applicable if the injury to a qualified claimant is caused by a hit and run motorist).
Plaintiff contends that the failure to amend the Fund Law to coincide with the 1990 amendment of the No Fault Law constitutes a legislative oversight that we should correct. We disagree. While N.J.S.A. 39:6A-8 and N.J.S.A. 39:6-70 have parallel legislative histories, the provisions address discrete factual scenarios. N.J.S.A. 39:6A-8 applies to suits against insured tortfeasors; N.J.S.A. 39:6-70 applies to the payment from the fund of judgments rendered against uninsured motorists or unidentified motorists. Although plaintiff would be eligible for the no-threshold option in a recovery against the identified driver, she would not be entitled to recover from the Fund unless she met the threshold.
It is possible that plaintiff is right in contending that the Legislature did not intend to permit a person in plaintiff's class to recover noneconomic loss damages from the Fund where the loss is occasioned by a hit and run driver, while denying recovery from the Fund in cases in which the noneconomic loss is occasioned by a culpably uninsured but identified driver. Not unreasonably, plaintiff argues that denying her compensation is inconsistent with the Supreme Court's recognition that the Unsatisfied Claim and Judgment Fund is designed to provide a "measure of relief" to persons who sustain loss or injury inflicted by either financially irresponsible or unidentified tortfeasors. Corrigan, supra, 27 N.J. at 233, 142 A.2d 209. Nonetheless, the Fund is not an absolute source of compensation. Ibid.
In response to plaintiff's claim on inconsistency, the Fund contends that different policy considerations apply where claims are asserted against unidentified drivers as compared to claims asserted against uninsured but identified drivers. In the former instance, an innocent uninsured passenger will not have any source from whom to recover compensation; in the latter instance, the innocent uninsured passenger can seek recovery from the *390 identified driver, although barred from recovery payment from the Fund.
Each of the arguments has some merit. Absent a clear indication of legislative policy, we conclude that the purported inconsistency in policy is one which must be directed to the Legislature. Our duty as an intermediate appellate court is to construe a statute as it is written and to enforce the legislative will as expressed. Dacunzo v. Edgye, 19 N.J. 443, 451, 117 A.2d 508 (1955). See also N.J. Mfrs., supra, 138 N.J. at 203, 649 A.2d 1243 (declining to judicially create a right of subrogation for the Fund which is not legislatively permitted); Rivera, supra, 285 N.J. Super. at 180, 666 A.2d 619 (declining to impose the verbal threshold requirement in a suit against a hit and run driver).
Affirmed.