294 N.J. Super. 321 (1996)
683 A.2d 248
WILLIE CURETON, PLAINTIFF,
v.
TRACEY ELEY, JOHN DOE, EXPRESS TRANSPORTATION, MARKET TRANSITION FACILITY OF THE STATE OF NEW JERSEY, UNSATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, AND DREW KARPENSKI, COMMISSIONER OF INSURANCE OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided July 18, 1996.
*323 Jonathan Koles, for plaintiff.
Edwin F. Gerecht, Jr., for defendants Unsatisfied Claim and Judgment Fund Board of the State of New Jersey and Drew Karpenski, Commissioner of Insurance of the State of New Jersey.
KIRSTEN, J.S.C.
This matter comes before the court on defendant Unsatisfied Claim and Judgment Fund's (UCJF) motion for summary judgment dismissing plaintiff's claim for failure to meet the verbal threshold, N.J.S.A. 39:6A-8.
On November 5, 1995, plaintiff, then 26, was a passenger in a car owned by Kim Hall and driven by defendant Tracey Eley on Route 169 in Bayonne. A car allegedly owned by defendant Express Transportation rear-ended plaintiff's car and then left the scene. No police were called.
Plaintiff sued the driver of his car, the driver of Express Trucking, Express Trucking, Hall's insurance carrier (MTF), the UCJF, and Drew Karpenski in his capacity as Commissioner of Insurance. In plaintiff's complaint, he sought PIP benefits from Hall's carrier as well as PIP benefits from the UCJF on the ground that the Hall car was uninsured at the time of the accident. Plaintiff also sought non-economic damages from the UCJF. Plaintiff explained in his brief opposing this motion that he has *324 been unable to confirm that Express Transportation owned the truck involved in the accident, and it is likely that this will be considered a hit-and-run accident.
Defendant UCJF brought this motion to dismiss plaintiff's claim for non-economic damages on the grounds that plaintiff has not met the verbal threshold. Plaintiff does not challenge the defendant's motion on the ground that plaintiff has met the verbal threshold, but rather on the ground that he is not subject to the verbal threshold as a victim of a hit-and-run driver. Plaintiff relies on Rivera v. Fortunato, 285 N.J. Super. 168, 666 A.2d 619 (Law Div. 1995), which he notes was cited by Sumner v. Unsatisfied Claim and Judgement Fund, 288 N.J. Super. 384, 672 A.2d 731 (App.Div. 1996).
For reasons described below, this court does not follow Rivera, supra, and finds that plaintiff is subject to the verbal threshold. Additionally, Sumner, supra, did not address the issue of whether a victim of a hit-and-run accident was entitled to claim noneconomic damages without satisfying the verbal threshold.
The UCJF is a fund established under N.J.S.A. 39:6-61 to -91, the Unsatisfied Claim and Judgment Fund Law (UCJF Law), to provide benefits to those injured as a result of motor vehicle accidents where the injured party has no recourse to insurance coverage. This fund provides payment where there is an identified owner or operator and the judgment is not collectible (N.J.S.A. 39:6-69 to -72) and where the owner or operator is unidentified (N.J.S.A. 39:6-78 to -79). Personal Injury Protection (PIP) benefits are provided under N.J.S.A. 39:6-86.1 to -86.6, to either category of claimant.
A claimant under the UCJF must establish that he is a qualified person. A qualified person is defined in N.J.S.A. 39:6-62 and includes, for the purposes of this discussion, a state resident for whom there is no other insurance for a motor vehicle accident available. In order to collect benefits from the UCJF, a qualified victim of an identified uninsured driver must meet the criteria *325 established in N.J.S.A. 39:6-70. A qualified victim of a hit-and-run driver must meet the criteria established in N.J.S.A. 39:6-78.
The section of the statute dealing with recovery for non-economic loss from the UCJF, the basis for defendant's motion, is N.J.S.A. 39:6-70(n):
In order to recover for his non-economic loss, as defined in section 2 of P.L. 1972, c. 70 (C. 39:6A-2) for accidents to which the benefits of sections 7 and 10 of P.L. 1972, c. 198 (C. 39:6-86.1 and C. 39:6-86.4) apply, the injured person shall have sustained an injury described in subsection a. of section 8 of P.L. 1972, c. 70, (C. 39:6A-8).
In order to recover for non-economic damages, a person receiving PIP benefits from the UCJF must meet the verbal threshold requirements set forth in the companion statute N.J.S.A. 39:6A-1 to -35, New Jersey Automobile Reparation Reform Act.
N.J.S.A. 39:6-70(n) is found in the section of the Unsatisfied Claim and Judgment Fund Law dealing with identified uninsured motorists. Nevertheless, a review of the UCJF Law indicates that this section is applicable to victims of hit-and-run drivers also.
N.J.S.A. 39:6-86.1, -86.6 provides for the payment of PIP benefits to any qualified person, as defined in the UCJF Law. However, N.J.S.A. 39:6-86.1 states that no PIP benefits are to be paid to claimants disqualified by reason of section 39:6-70(a), (c), (d), or (1). These sections are in the portion of the statute dealing with identified uninsured drivers. Section 39:6-70(a) is identical to N.J.S.A. 39:6-78(b). Section 39:6-70(d) is identical to N.J.S.A. 39:6-78(c). Section 39:6-70(1) is identical to N.J.S.A. 39:6-78(f). Yet, none of the disqualifications from Section 78 are included in N.S.J.A. 39:6-86.1. If the portion of the statute dealing with PIP benefits were to be strictly construed, PIP benefits would be payable to victims of hit-and-run drivers which would not be payable to victims of identified uninsured drivers, although both categories of victims have identical requirements for claims under this law. It makes no sense to apply these exclusions solely to victims of identified uninsured drivers.
Also, N.J.S.A. 39:6-86.5 allows payment of PIP benefits to persons qualified under the UCJF law without the need for a *326 hearing required under N.J.S.A. 39:6-70 or order for payment, as provided in N.J.S.A. 39:6-71, both sections of the identified uninsured provisions of the statute. This section does not contain any provision for dispensing with the need for a hearing or order of payment where the claimant is a victim of a hit-and-run driver. There is no basis to assume that the two categories of victims are to be treated differently with regard to requirements for payment of PIP benefits.
It appears that the proper interpretation of the PIP portion of the UCJF Law is equal treatment of both categories of claimants. Therefore, where these classes are treated equally with regard to payment of PIP benefits, Section 39:6-70(n), which specifically references claimants who have received PIP benefits, must also apply to both classes of claimants.
Additionally, based on the underlying policy of the UCJF and the need to protect the UCJF against fraud and abuse, this court will apply the verbal threshold requirement for recovery of noneconomic benefits to victims of hit-and-run accidents.
The UCJF was established not to make every claimant whole, but to provide some measure of relief to the injured party where the injured party would otherwise be remediless. Holmberg v. Aten, 68 N.J. Super. 73, 171 A.2d 667 (App.Div. 1961). There must be due regard to protect the UCJF from fraud and abuse and to the fulfillment of the essential legislative policy. Giles v. Gassert, 23 N.J. 22, 34, 127 A.2d 161 (1956).
Interpreting this statute to allow claims for non-economic damages where a driver is unidentified, but to deny claims for noneconomic damages when a driver is identified, lends itself to promotion of fraud and abuse. If a claimant can recover noneconomic damages when he cannot identify a vehicle, there is clearly no incentive for him to identify a vehicle, particularly when identifying the vehicle would insure that he could not recover for non-economic damages if his injuries were slight. The reasoning in Rivera on this point is flawed: a victim would not try to find an *327 insured driver who may be uninsured. The position taken in Rivera on the issue of fraudulent claims is both unrealistic and inconsistent with the clear purpose of the statute. In sum, based on the language and purpose of the statute, this court finds that a victim of a hit-and-run driver is subject to the verbal threshold.
Accordingly, the plaintiff's injuries must be evaluated in light of the summary judgment standard for verbal threshold established in Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992). Plaintiff has the burden to produce objective credible evidence that could support a jury finding in one of nine statutorily-defined categories of injuries. Further, plaintiff must demonstrate a nexus between the injury and disability, showing that the injuries not only have the capacity of having a serious impact on plaintiff's life, but also that they have done so.
A description of plaintiff's medical care was provided by both plaintiff and defendant.
Plaintiff received no emergency room care. Seven days after the accident, plaintiff sought treatment from Gary Bozian, a chiropractor, for pain and tenderness in the neck and upper back. Bozian noted in his report that plaintiff had two prior motor vehicle accidents on October 6, 1989 and November 4, 1991. Plaintiff was diagnosed with post-traumatic cervical and thoracic sprain/strain. Bozian's objective findings in the initial evaluation were spasms and swelling in the cervical and thoracic regions. During the time of treatment, a computerized muscle scan was performed which noted mild to radical elevations. Bozian did not discuss the significance of this test in relation to plaintiff's injuries. During the four months of treatment, plaintiff had twenty-three visits, which included electrical muscle stimulation and manipulation. Upon discharge from treatment, Bozian noted a guarded prognosis with a diagnosis of post-traumatic cervical, thoracic, and lumbosacral sprain/strain, post-traumatic headaches, and contusion and sprain to the lateral aspect of the right shoulder. He indicated a causal connection between plaintiff's injuries and the accident, but failed to note any permanent loss of use, permanent *328 limitations of use, or significant limitations of use of a bodily function or system.
Plaintiff was also seen by Dan Parkinson, M.D. on November 13, 1992, apparently for a single visit. He complained of back pain, headaches, pain in the gluteal and posterior thigh region, and his right shoulder. The doctor noted that the past medical history was noncontributory and failed to note any prior accidents. Upon initial examination, the doctor found a limitation of range of motion in the cervical and thoracic regions and recorded subjective complaints of pain and tenderness in the cervical, thoracic and right shoulder area. The doctor described plaintiff's limitations by stating that "[f]unctional capabilities are impaired."
Plaintiff was also examined by a psychologist, Dr. Iradi, on November 18, 1992. After observation and psychological testing, the doctor diagnosed anxiety, post-traumatic headaches and dizziness, sleep disturbance and fear of riding in a car. There is mention of a need for short term psychotherapy because of plaintiff's "guarded" prognosis, but there is no indication plaintiff ever obtained such treatment.
The categories which would be applicable to the plaintiff are: a permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; or significant limitation of use of a body function or system.
The medical evidence provides no credible objective evidence of injuries to support a claim under any of these categories. While spasm, swelling and limited range of motion in the cervical and thoracic areas were noted upon initial evaluation, there is no indication that these problems persisted even throughout the four months of treatment. These injuries simply are not sufficient to meet the statutory criteria even if they lasted for four months. See, e.g., Oswin, supra; Chalef v. Ryerson, 277 N.J. Super. 22, 648 A.2d 1139 (App.Div. 1994).
*329 Plaintiff also fails to indicate whether or how any injuries from the prior accidents are related to plaintiff's current injuries. Polk v. Daconceicao, 268 N.J. Super. 568, 634 A.2d 135 (App.Div. 1993). Additionally, plaintiff fails to provide any objective sign of psychological injury. Granowitz v. Vanvickle, 264 N.J. Super. 440, 624 A.2d 1047 (Law Div. 1993). Plaintiff also fails to provide any statement as to the impact of these injuries on his life.
Therefore, summary judgment dismissing plaintiff's claim for non-economic damages is granted.