684 A.2d 969

JESENIA JIMENEZ, PLAINTIFF–RESPONDENT, v. WILLIAM BAGLIERI, JOHN DOE (NAME BEING FICTITIOUS), ABC CORP. (NAME BEING FICTITIOUS), AND MATERIAL DAMAGE ADJUSTMENT CORP., AS SERVING CARRIER FOR THE MARKET TRANSITION FACILITY, DEFENDANTS, AND SAMUEL FORTUNATO, COMMISSIONER OF INSURANCE AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 15, 1996—Decided November 18, 1996.

Before Judges BROCHIN and EICHEN.

*Jeffrey L. Love* argued the cause for appellant (*Beattie Padovano*, attorneys; *Mr. Love*, on the brief).

*Douglas D. Burgess* argued the cause for respondent (*Bross, Strickland, Cary, Shapiro, Grossman & Icaza*, attorneys; *Mr. Burgess*, on the brief).

PER CURIAM.

Plaintiff Jesenia Jimenez was struck and injured by a hit-and-run driver. She sued to recover damages for her injuries and she named the Unsatisfied Claim and Judgment Fund as a defendant pursuant to *N.J.S.A.* 39:6-78. The Fund moved for summary judgment on the ground that plaintiff was subject to the verbal

threshold, *N.J.S.A.* 39:6A–8a, and that her injuries did not meet the statutory criteria. The motion was denied on the ground that a claim against the Fund by a person injured by a hit-and-run driver is not subject to the verbal threshold.

A trial on the issue of liability only was held on August 18, 1995. The jury found that the hit-and-run driver was 100 percent negligent. That finding is not challenged on appeal. The damage aspect of the case was scheduled for a trial call on Tuesday, October 31, 1995, but was carried to the next day because plaintiff's counsel was involved in an automobile accident. On November 1, the Fund requested an adjournment because its only witness, Dr. Harold Bennett, was unavailable. The request for adjournment was denied and the case proceeded to trial. The jury returned a verdict of $25,000 in favor of plaintiff. A judgment was entered against the Fund for $15,000 pursuant to *N.J.S.A.* 39:6–73 and subsequently an amended judgment was entered which, pursuant to *N.J.S.A.* 39:6–69, also required the Fund to pay personal injury protection benefits to plaintiff.

The Fund has appealed. It challenges both the ruling that the claim against it was not subject to the verbal threshold and also the court's refusal to grant it an adjournment because of the unavailability of its witness.

The issue of whether a claim against the Unsatisfied Claim and Judgment Fund by a person injured by a hit-and-run driver is subject to the verbal threshold was considered and squarely decided by Judge Christine L. Miniman, J.S.C., in *Rivera v. Fortunato,* 285 *N.J.Super.* 168, 666 *A.*2d 619 (Law Div.1995). Carefully analyzing the relevant statutes, Judge Miniman held that such a claim is not subject to the verbal threshold. We agree and adopt the reasoning and conclusion of her opinion. *Cf. Sumner v. Unsatisfied Claim and Judgment Fund,* 288 *N.J.Super.* 384, 672 *A.*2d 731 (App.Div.1996) (recognizing that claims against the Fund for injuries caused by an uninsured driver, but not those caused by an unidentified driver, are subject to the verbal threshold.) We disapprove of *Cureton v. Eley,* 294 *N.J.Su-*

*per.* 321, 683 *A.*2d 248 (Law Div.1996), which reaches the opposite result.

 We also hold that the denial of a one-day adjournment of the trial when the Fund's expert witness was unavailable because of a postponement to accommodate a mishap to plaintiff's attorney was a mistaken abuse of discretion. *Cf. Pepe v. Urban,* 11 *N.J.Super.* 385, 389, 78 *A.*2d 406 (App.Div.), *certif. denied,* 7 *N.J.* 80 (1951) (trial judge's failure to grant adjournment upon failure of plaintiff's witness to appear was error warranting new trial).

The judgment appealed from is therefore reversed and the case is remanded for a new trial on damages.